# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| LATORIS DEWAYNE COLLINS, | ) |
| --- | --- |
| Petitioner, | ) |
| v. | ) Case No. CIV-17-754-G |
| WARDEN CARL BEAR, | ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner Latoris Dewayne Collins, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2241 seeking a writ of habeas corpus. *See* Pet. (Doc. No. 1) at 1-9. Having carefully reviewed the Petition, the Court finds that it should be dismissed.

### SCREENING REQUIREMENT

The Court is required to review all habeas petitions and to order dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." R. 4, R. Governing § 2254 Cases in U.S. Dist. Cts. The district court may apply any or all of the rules governing § 2254 cases to a habeas petition brought under 28 U.S.C. § 2241. *Id.* R. 1(b); *see also Boutwell v. Keating*, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005).

### PROCEDURAL BACKGROUND

In this action, Petitioner challenges his conviction upon guilty plea on July 2, 2008, in the District Court of Oklahoma County, Oklahoma, on two counts of rape and two counts

of kidnapping.  *See* Pet. at 1; *State v. Cross*, No. CF-2006-6326 (Okla. Cty. Dist. Ct.).[1]
Petitioner was sentenced to 20-year terms of imprisonment for each count, with concurrent 20-year terms of imprisonment for Counts 1 (rape) and 3 (kidnapping), concurrent 20-year terms of imprisonment for Counts 4 (rape) and 5 (kidnapping), but with Counts 1 and 3 being served consecutively to Counts 4 and 5.  *State v. Cross*, No. CF-2006-6326 (docket entry of July 2, 2008).  Petitioner appealed his convictions and sentences to the Oklahoma Court of Criminal Appeals ("OCCA"), which affirmed on December 17, 2009, and remanded to the trial court for correction of the Judgment and Sentence to reflect that the convictions were found to be after two or more previous felony convictions.  *See Collins v. State*, No. F-2008-654 (Okla. Crim. App.).  Petitioner did not petition for a writ of certiorari from the United States Supreme Court, making his conviction final, for purposes of 28 U.S.C. § 2244(d)(1)(A), on March 17, 2010.  *See* U.S. Sup. Ct. R. 13 (providing 90 days to seek writ of certiorari); 28 U.S.C. § 2244(d)(1)(A); *Collins v. Bear*, No. CIV-16-951-W, 2016 WL 8677295, at *2 (W.D. Okla. Sept. 16, 2016) (R. & R.), *adopted*, 2016 WL 6634938 (W.D. Okla. Nov. 9, 2016), *and certificate of appealability denied*, 698 F. App'x 946 (10th Cir. 2017).

On October 2, 2013, more than three years after his conviction became final, Petitioner filed an application for postconviction relief in the state trial court, which was denied.  *See State v. Cross*, No. CF-2006-6326 (docket entries of Oct. 2, 2013; Apr. 9,

---

[1] The Court takes judicial notice of the dockets for Petitioner's state-court proceedings, which are publicly available through http://www.oscn.net, as well as the docket and filings for Petitioner's prior habeas case in this Court, which are publicly available through http://www.pacer.gov.

2014). On August 25, 2014, Petitioner filed a second postconviction-relief application, in which he asked for—and the trial court approved—leave to file an appeal of that denial out of time. *See id.* (docket entries of Aug. 25, 2014; Mar. 24, 2015). Despite being granted this additional time, Petitioner missed the deadline in filing his postconviction appeal, and for that reason the OCCA declined jurisdiction and dismissed the appeal. *See id.* (docket entry of May 8, 2015); *Collins v. State*, No. PC-2015-400 (Okla. Crim. App.). On June 30, 2015, Petitioner filed a third application for postconviction relief, requesting another recommendation for a postconviction appeal out of time, which the trial court denied. *See State v. Cross*, No. CF-2006-6326 (docket entries of June 30, 2015; Mar. 9, 2016). After Petitioner appealed that denial, the OCCA on June 29, 2016, issued an Order Affirming Denial of Application for Post-Conviction Appeal Out of Time. *See Collins v. State*, No. PC-2016-258 (Okla. Crim. App) (docket entries of Apr. 5, 2016; June 29, 2016).

On August 19, 2016, over six years after his conviction became final, Petitioner filed an action in this Court pursuant to 28 U.S.C. § 2254 ("First Petition"), in which he challenged the state courts' denial of his third application for postconviction relief. *See Collins*, No. CIV-16-951-W (W.D. Okla. filed Aug. 19, 2016). Petitioner's sole ground for habeas relief stated:

> The State Court adjudication was contrary to or an unreasonable application of *Jimenez v. Quarterman*, 555 U.S. 113 (2009). See Exhibit (2) Attached Copy of Application for Post-Conviction Relief presented to the State Courts which was denied by the District Court and Denial Affirmed by the Court of Criminal Appeals in Case No. PC-2016-258 June 29, 2016. See Exhibit (1) There was an abuse of discretion and denial of due process when State Court applied unreasonable determination of Facts presented by the Application. 28 U.S.C.A. §§ 2254(d)(1) and D(2).

*Collins*, No. CIV-16-951-W, First Pet. at 5 (W.D. Okla. Aug. 19, 2016). A magistrate

3

judge recommended dismissing the petition as untimely, and the Court adopted the recommendation. *See Collins*, 2016 WL 8677295, *adopted*, 2016 WL 6634938. Petitioner sought a certificate of appealability, which the Tenth Circuit denied. *See Collins*, 698 F. App'x 946.

On February 2, 2017, three months after this Court's dismissal of Petitioner's First Petition, Petitioner filed a fourth application for postconviction relief in the trial court. *See State v. Cross*, No. CF-2006-6326 (docket entry of Feb. 2, 2017). The trial court denied relief on July 26, 2017. *See id.* (docket entry of July 26, 2017). Petitioner filed a petition for a Writ of Mandamus in the OCCA on June 16, 2017, and the OCCA dismissed the request as moot, noting that "[o]n July 26, 2017 the District Court fully adjudicated Petitioner's complaints regarding the pending matters in this case." *Collins v. State*, No. MA-2017-623 (Okla. Crim. App.) (order of Aug. 16, 2017).

Petitioner filed the instant 28 U.S.C. § 2241 Petition on July 10, 2017, challenging the same state court conviction. Petitioner asserts four grounds for relief: (1) the Oklahoma courts committed due process violations; (2) the conviction is void "under [the] U.S. Constitution and U.S. Supreme Court rulings"; (3) the "state courts refus[ed] to comply with or enforce [their] own rules, laws, constitutions, and/or federal laws, constitution and S. Ct. Rulings"; and (4) the "state confessed post conviction grounds [were] true." Pet. at 7-8. Petitioner also asserts, in reference to Ground Four, that the "state trial court lacked jurisdiction." *Id.* at 8.

ANALYSIS

I. *The Petition's Proper Characterization*

Petitioner asserts that his Petition is being brought pursuant to 28 U.S.C. § 2241,

4

*see id.* at 1-2, but the substance of the challenges being made concern the validity of Petitioner's conviction and not the execution of his sentence, *see id.* at 7-8. The Court therefore construes Petitioner's claims as arising under 28 U.S.C. § 2254. *See Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) ("Section § 2241 is a vehicle . . . for attacking the execution of a sentence . . . . A § 2254 petition, on the other hand, is the proper avenue for attacking the validity of a conviction and sentence." (citation omitted)); *Daniel v. Franklin*, 512 F. App'x 800, 802 (10th Cir. 2013) ("Because § 2241 was not the appropriate avenue of relief for challenging the validity of [the petitioner's] sentence, the district court properly construed [the petitioner's] petition as one brought pursuant to § 2254.").

II. *Second or Successive Petition Under 28 U.S.C. § 2254*

Section 2244(b) of Title 28 of the United States Code limits the circumstances in which a petitioner may proceed with a second or successive habeas corpus action under § 2254:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing

5

> evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(1)-(3)(A). "A district court does not have jurisdiction to address the merits of a second or successive . . . 28 U.S.C. § 2254 claim until [the appropriate Circuit Court of Appeals] has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008); *see* 28 U.S.C. § 2244(b), 2253(c).

### III. *The Applicable Limitations Period*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth a one-year statute of limitation for habeas petitioners:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The one-year limitations period generally runs from the date the judgment became "final" under § 2244(d)(1)(A), unless a petitioner alleges facts

6

that implicate § 2244(d)(1)(B), (C), or (D). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

IV. *Discussion*

    a. <u>Petitioner's Petition Is a "Second" Habeas Action Under 28 U.S.C. § 2244(b)</u>

The dismissal of a 28 U.S.C. § 2254 petition for failure to comply with the AEDPA one-year statute of limitations is "a decision on the merits, and any later habeas petition challenging the same conviction is second or successive" under 28 U.S.C. § 2244(b). *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011). Because Petitioner's first habeas petition was dismissed as time-barred under AEDPA, the current Petition is "second or successive" for purposes of § 2244(b). *See id.*; Pet. at 1-2 (identifying Oklahoma County District Court Case No. CF-2006-6326 as the criminal case at issue); *Collins*, 2016 WL 6634938, at *2. And there is no indication that Petitioner has received an order from the Tenth Circuit Court of Appeals authorizing this Court to consider this, his second Petition challenging the same conviction and sentence. *Cf.* Pet. at 4 (indicating that petitioner has not obtained an order from the Tenth Circuit, pursuant to 28 U.S.C. § 2244(b)(3)(A), authorizing this Court to consider a § 2255 motion).

To the extent Petitioner's present habeas claims were raised in his prior § 2254 petition, these claims must be dismissed. *See* 28 U.S.C. § 2244(b)(1) (prescribing that a previously presented claim presented in a second or successive § 2254 application "shall be dismissed"); *Collins*, 2016 WL 8677295, at *1 (outlining the habeas claim raised by Petitioner in Case No. CIV-16-951-W); *see, e.g.*, *Hall v. Falk*, 535 F. App'x 762, 763 (10th Cir. 2013); *Allen v. Massie*, 236 F.3d 1243, 1244-45 (10th Cir. 2001).

7

With respect to the new claims now raised by Petitioner that "challeng[e] the same conviction" as did Petitioner's prior habeas petition, this Court lacks jurisdiction to consider the claims. *In re Rains*, 659 F.3d at 1275; *see also Hall*, 535 F. App'x at 763; *In re Cline*, 531 F.3d at 1251.

> When a second or successive § 2254 . . . claim is filed in the district court without the required authorization from [the appellate] court, the district court may transfer the matter to [the appellate] court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the . . . petition for lack of jurisdiction.

*In re Cline*, 531 F.3d at 1252. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to [the appellate] court for authorization." *Id.*

b. Transfer of the Petition Is Not in the Interest of Justice

In this case, it would not further the interest of justice to transfer the matter to the Tenth Circuit Court of Appeals because Petitioner cannot satisfy the requirements of 28 U.S.C. § 2244(b)(2) to obtain authorization to proceed with a successive habeas petition. By statute, an application to proceed with a second or successive habeas petition

> shall be dismissed unless . . . the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or . . . the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and . . . the facts underlying the claim, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying

8

offense.

28 U.S.C. § 2244(b)(2)(A)-(B).

Petitioner's conclusory allegations in the Petition cannot reasonably be said to rely upon a new rule of constitutional law or newly discovered evidence. *See* Pet. at 7-8; 28 U.S.C. § 2244(b)(2)(A), (B)(i). Nor has Petitioner presented underlying facts sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable juror would have found him guilty of his offenses. *See id.*; 28 U.S.C. § 2244(b)(2)(B)(ii).

In his request for relief, Petitioner has asked the Court to "reverse and remand with instructions, to conduct a hearing on merits of claims raised in post-conviction." Pet. at 8. Petitioner also alleges that the "state confessed [the] post-conviction grounds [were] true."[2] *Id.* at 7-8. To the extent that Petitioner's claims challenge postconviction proceedings, such claims are not cognizable under 28 U.S.C. § 2254. *See Lopez v. Trani*, 628 F.3d 1228, 1229 (10th Cir. 2010) ("Our precedent makes clear that the district court did not err in dismissing claims that related only alleged errors in the post-conviction proceedings."); *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) ("[B]ecause the constitutional error [the petitioner] raises focuses only on the State's post-conviction remedy and not the

---

[2] The docket for Petitioner's trial-court proceeding reflects that the instant habeas Petition was filed after Petitioner filed his fourth application for postconviction relief in the trial court but before the trial court's July 26, 2017 denial of that application. *See State v. Cross*, No. CF-2006-6326 (docket entries of Feb. 2, 2017; July 26, 2017). Thus, the undersigned interprets Petitioner's assertions that his claims were "confessed true" as related to the claims asserted in Petitioner's fourth application for postconviction relief. *See* Pet. at 7-8; Pet. Ex. 1 (Doc. No. 1-1) at 1 (Petitioner's "Motion for Entry of Default and Order Granting Summary Judgment," filed in Oklahoma County District Court Case No. CF-2006-6326 on May 17, 2017, asserting he was entitled to summary judgment because "there [was] no response, answer, or objection" to his "post-conviction filed 1/30/17").

9

judgment which provides the basis for his incarceration, it states no cognizable federal habeas claim."). Similarly, Petitioner's claim that the "state courts refus[ed] to comply with or enforce [their] own rules, laws, [or] constitutions" does not establish entitlement to federal habeas relief. Pet. at 7; *see Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law." (internal quotation marks omitted)); *see, e.g.*, *Durbin v. Province*, 448 F. App'x 785, 787 (10th Cir. 2011) ("It is not the responsibility of a federal habeas court to cure errors from the state court concerning state law."). And though Petitioner makes the conclusory allegations that the trial court violated "federal laws, constitution and S. Ct. Rulings" and lacked jurisdiction over Petitioner's case, he pleads no "facts underlying [these] claim[s]," other than stating that the state courts confessed the claims as true. Pet. at 7-8; 28 U.S.C. § 2244(b)(2)(B)(ii).

Moreover, as this Court and the Tenth Circuit Court of Appeals previously concluded, the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1), which applies to the filing of a habeas petition by Petitioner, expired long ago. *See Collins*, 698 F. App'x at 950; *Collins*, 2016 WL 6634938, at *1-2. Hence, Petitioner's claims challenging his convictions and sentences in Case No. CF-2006-6326 are time-barred by operation of § 2244(d)(1). *See Morales v. Jones*, 417 F. App'x 746, 749 (10th Cir. 2011) (explaining that while due process claims, including claims that the convicting court lacked jurisdiction, are bases for federal habeas corpus relief, they are nonetheless subject to dismissal for untimeliness); *United States v. Patrick*, 264 F. App'x 693, 694-95 (10th Cir. 2008).

The Tenth Circuit previously determined that Petitioner is not entitled to statutory or equitable tolling of his habeas claims. *See Collins*, 698 F. App'x at 950. Petitioner's

10

recent state-court filings, submitted in 2017 to challenge his 2008 conviction, do not affect the Tenth Circuit's 2017 denial of statutory tolling: "Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006); *see* 28 U.S.C. § 2244(d)(2). And Petitioner has supplied no reason to depart from the Tenth Circuit's prior finding that Petition is not entitled to equitable tolling. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (noting that federal habeas petition is subject to equitable tolling only in "rare and exceptional circumstances" (internal quotation marks omitted)). In sum, Petitioner provides no justification for filing his habeas petition over six years after the expiration of the statutory period prescribed in 28 U.S.C. § 2244(d)(1). *See Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003) ("[T]his Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims.").

V.     Conclusion

Because all claims of the Petition either (i) were "presented in a prior application," *see* 28 U.S.C. § 2244(b)(1); or (ii) do not meet the criteria for the Court's consideration under 28 U.S.C. § 2244(b)(2); and (iii) would be subject to dismissal as untimely under 28 U.S.C. § 2244(d), "there is no risk that a meritorious successive claim will be lost" absent a transfer. *In re Cline*, 531 F.3d at 1252; *see Collins*, 698 F. App'x at 950. The Petition should be dismissed for lack of jurisdiction rather than transferred to the Tenth Circuit. *See In re Cline*, 531 F.3d at 1252; *cf. Kilgore v. Attorney Gen. of Colo.*, 519 F.3d 1084, 1089 (10th Cir. 2008) (noting that district court may sua sponte dismiss a petition for writ of habeas corpus if its untimeliness is "clear from the face of the petition itself").

For the foregoing reasons, the Petition for a Writ of Habeas Corpus (Doc. No. 1) is DISMISSED. Further, because reasonable jurists would not find it debatable that Petitioner's habeas claims that were previously raised in his prior § 2254 petition must be dismissed pursuant to 28 U.S.C. § 2244(b)(1), and that Petitioner's new claims challenging the same conviction as was challenged in his prior § 2254 petition must be dismissed pursuant to 28 U.S.C. § 2244(b)(2), the Court denies a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A); R. 11, Rules Governing § 2254 Cases in U.S. Dist. Cts.

The Court Clerk is directed to serve copies of the Petition and this Opinion and Order on Respondent and the Attorney General of the State of Oklahoma through electronic mail sent to fhc.docket@oag.state.ok.us. *See* Section 2254 R. 4.

IT IS SO ORDERED this 8th day of February, 2019.

*[signature]*
CHARLES B. GOODWIN
United States District Judge